[Civil No. 234.   Filed January 19, 1889.]

[20 Pac. 93.]

LOUIS JANTZON et al., Plaintiffs and Appellants, v. THE ARIZONA COPPER COMPANY, Defendant and Appellee.

1. MINES AND MINING—LOCATION—CITIZENSHIP—PRESUMPTION FROM RESIDENCE.—It will be presumed that a resident of the United States who has made a mining location was a citizen.

2. SAME—LOCATION NOTICE—RECORDED—EVIDENCE—PRIMA FACIE TITLE. —Where it appears that a locator, at or near the time of location, recorded his location notice, reciting all the facts essential to a valid location, such evidence will make out a *prima facie* title.

3. SAME—MINING CLAIMS—POSSESSORY ACTIONS—EVIDENCE.—The rule in ejectment that the plaintiff must recover on the strength of his own title and not on the weakness of the defendant's, does not apply to possessory actions for mining claims. Each must prove his claim to the premises in dispute, and the better right prevails.

4. WITNESSES—CREDIBILITY.—The testimony of a witness who disputes his own record, made long before and at the time the acts recited

therein were reported as done, to discredit a title based thereon, should be disregarded as unworthy of belief.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Graham. William H. Barnes, Judge. Affirmed.

The facts are stated in the opinion.

Jeffords & Franklin, for Appellants.

M. J. Egan, and Alexander Campbell, for Appellee.

PORTER, J.—This was an action in ejectment. Cause was tried by the court, and judgment rendered for the plaintiff. The title of plaintiff was asserted title to a mining claim called the "West Extension of the Thompson," derived by a chain of title to the location of Freudenthal, in January, 1882. It assigned for error that plaintiff failed to show that that location was valid under the mining laws, by proof that Freudenthal is a citizen of the United States; that the notice of location was posted on the claim; that he erected monuments marking the same on the ground.

The location notice was offered in evidence, and the same recites all the facts essential to a valid location; is signed by Samuel J. Freudenthal; and it was recorded on the second day of January, 1882, the day after the date of the location. The locator, and those claiming under him, have done annually one hundred dollars worth of labor on the mine ever since. A year after this location the witness Ferrie swears that he found monuments on the ground corresponding to those in the notice, and as agent for plaintiff he has done the work on the same since. There is proof that Freudenthal has been for many years a resident of the United States. In the absence of proof to the contrary, we think this evidence made out a title. To require titles to mining claims to be sustained by proof positive of all the requirements of the law would unsettle all confidence in these titles. Purchasers should rest secure in the titles they find of record; at least, until attacked. It will be presumed that a man being a resident of the United States, and who has made a mining location, was a citizen of

the United States; that he posted the notice of his claim, and properly marked the ground, in case where it appears that he recorded, at or near the time, a location notice reciting these facts. Such evidence will make out a *prima facie* title. It was held in *Strepy* v. *Stark,* (Colo.) 5 Pac. Rep. 111, that the location notice, when recorded, is *prima facie* evidence of all that the statute requires it to contain, and which are therein sufficiently set forth. The rule in ejectment, that the plaintiff must recover on the strength of his own title, and not on the weakness of defendant's, does not apply to possessory actions for mining claims. "Practically, the real question involved in such cases is, which, as against the other, has the better right to mine the land in question?" *Richardson* v. *McNulty,* 24 Cal. 339. Each must prove his claim to the premises in dispute, and the better right must prevail. *Strepy* v. *Stark,* (Colo.) 5 Pac. Rep. 111; *Lebanon Co.* v. *Mining Co.,* 6 Colo. 371; *Golden Fleece Co.* v. *Cable Co.,* 12 Nev. 312.

To overturn the *prima facie* case of plaintiff, defendant offered the testimony of a witness named Grant. He swore that he witnessed the location notice of Freudenthal, as appears by his attestation to the same; that he was a prospector, and was employed by Freudenthal; that he reported to him the discovery of ore; that he monumented the ground; that he caused him to prepare the notice. He testified that he did not put the notice on the mine. He also testified that the monuments erected by him differed from the boundaries. The testimony of this witness deserves no credit. He comes to dispute his own record made at the time; to dispute that which he had reported to his employer he had done; to discredit the title based upon acts done by him long before. To give weight to such evidence would put titles, which may be in the millions, at the mercy of the parol testimony of a witness, the value of the faith in whose acts developments have disclosed. It should be disregarded as unworthy of belief.

The judgment of the court below is affirmed.