BUCKLEY, APPELLANT, *v.* McDONALD, RESPONDENT.

(No. 2,211.)

(Submitted January 6, 1906. Decided February 10, 1906.)

*Election    Contests—Citizenship—Aliens—Findings—Presumptions—Burden of Proof—Constitution.*

Election Contests—Citizenship—Burden of Proof.
  1. In an election contest the burden rests upon the party challenging the eligibility of a person to an office on the ground that he is an alien, to prove the fact of his alienage by a preponderance of the evidence; and where the district court, while not making a formal finding in that regard, in a written opinion stated, "if the fact of the nativity of contestee can be definitely found from the evidence,"

it was apparent that the contestant had failed to sustain this burden and the judgment should have been against his contention.

Election Contests—Citizenship—Presumptions.

2. The presumption will be indulged that the father of contestee in an election contest in which the nativity of the latter was at issue, was a citizen of the United States, where it was found that the former at the time of contestee's birth resided in a city within this country.

Election Contests—Citizenship—United States Merchant Marine Service —Presumptions.

3. Where, in an election contest in which the contestee's citizenship at the time of his election was in question, it was found that his father had been a captain in the merchant marine service of the United States, it must be presumed that the latter was a citizen of the United States, since under the Revised Statutes of the United States, section 4131, only citizens could act as officers of vessels engaged in the commerce of the United States.

Election Contests—Citizenship.

4. The conclusion of the district court that the contestee—in an election contest in which his eligibility was attacked upon the ground of his alienage—who came to the United States at the age of fifteen, was a citizen of the United States no matter where born, was, under Revised Statutes of the United States, section 1993, correct, it having been found that his father was at the time of the son's birth a resident of Boston, Massachusetts, and continued to reside there until his death, and was also a captain in the merchant marine service of the United States.

Election Contests—Citizenship—Constitution.

5. The fourteenth amendment to the constitution of the United States declaring that "all persons born or naturalized in the United States, and subject to the jurisdiction thereof" are citizens, is not exclusive as a definition of citizenship, but declaratory of the rights existing under the law at the time of its adoption and as affirmative of them, and has no application to acquisition of citizenship by birth in foreign lands of parents who were American citizens.

*Appeal from District Court, Chouteau County; Jere B. Leslie, Judge.*

ELECTION contest by John Buckley against Frank McDonald, sheriff-elect of Chouteau county. From a judgment in favor of contestee, the contestant appeals. Affirmed.

*Mr. W. S. Towner,* and *Mr. Thos. E. Brady,* for Appellant.

When appellant's proof had established the fact of respondent's birth in a foreign country, the burden immediately shifted upon the respondent to establish the fact that he came within the exception to the general rule that he was born of American parents, but the trial court in this case practically held that it

was a duty of the appellant, both to allege and prove the lack of citizenship of the ancestry of respondent in order to preclude the possibility of the respondent coming within this exception. Such is not the rule.     (5 Am. & Eng. Ency. of Law, p. 42, note 1; *Beardstrom* v. *Virginia,* 76 Ill. 34; *Vigus* v. *O'Bannon,* 118 Ill. 334, 8 N. E. 778; *Delachaise* v. *Maginnis,* 44 La. Ann. 1013, 11 South. 715.)     The original status of an alien, when once established, is presumed to continue until the contrary appears.     Hence proof of foreign birth casts the burden of proving citizenship in a nation wherein the individual may reside. (*Hauenstein* v. *Linham,* 100 U. S. 483, 25 L. Ed. 628; *People* v. *Pease,* 27 N. Y. 45; *Fay* v. *Taylor,* 3 Misc. Rep. 32, 63 N. Y. Supp. 572; *Nalle* v. *Fenwick,* 4 Rand. (Va.) 585; *Chas. Green's Son* v. *Salas,* 31 Fed. 106; *White* v. *White,* 2 Met. (Ky.) 185; *Kadlec* v. *Pavik,* 9 N. Dak. 278, 83 N. W. 5; *Walther* v. *Rabolt,* 30 Cal. 185; *Thompson* v. *Spray,* 72 Cal. 528, 14 Pac. 182; *Behrensmeyer* v. *Kreitz,* 135 Ill. 591, 26 N. E. 704.)

*Mr. George H. Stanton, Mr. Charles V. Pray,* and *Mr. J. A. McDonough,* for Respondents.

Foreign-born children of a citizen are themselves citizens, and, in the application of this rule, it is wholly immaterial whether the father is a citizen by birth or by naturalization.     (*Oldtown* v. *Bangor,* 58 Me. 353; *State* v. *Adams,* 45 Iowa, 99, 24 Am. Rep. 760; *Charles* v. *Monson etc. Mfg. Co.,* 17 Pick. (Mass.) 70; *Ludlam* v. *Ludlam,* 26 N. Y. 356, 84 Am. Dec. 193; *Albany* v. *Derby,* 30 Vt. 718; *Ware* v. *Wisner,* 50 Fed. 310; *Wolff* v. *Archibald,* 14 Fed. 369, 4 McCrary, 581; *Campbell* v. *Wallace,* 12 N. H. 362, 37 Am. Dec. 219-224.)     The rule is well settled that in the absence of proof to the contrary, every man is considered a citizen of the country in which he may reside.     (*Jantzen* v. *Arizona Copper Co.,* 3 Ariz. 6, 20 Pac. 93; *Coxe* v. *Gulick,* 10 N. J. L. 328; *Sharon* v. *Hill,* 26 Fed. 337.)     The law presumes all persons who reside in the United States to be citizens thereof.     (*State* v. *Beackmo,* 6 Blackf. (Ind.) 488; *Behrens-*

*meyer* v. *Kreitz,* 135 Ill. 591, 26 N. E. 705.) Alienage must be proved by the person who asserts it. (*Moore* v. *Wilson,* 18 Tenn. (10 Yerg.) 406; *Gilman* v. *Thompson,* 11 Vt. 643, 34 Am. Dec. 714; *Jones* v. *McCoy,* 3 Tex. 349.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This appeal is from a judgment rendered in an election contest involving the title to the office of sheriff of Chouteau county. At the general election in the year 1904, the appellant and respondent were, respectively, the candidates of the Democratic and Republican parties for the office in question. The appellant received 1053 and the respondent 1305 votes, as was shown by the official canvass. The respondent having received a certificate of election, the contest was instituted by the appellant under sections 2010 et seq. of the Code of Civil Procedure. The ground of the contest is that the respondent was on November 8, 1904, the date of the election, ineligible to hold the office, in that he was not at that time a citizen of the United States, and that he was not such at the date of the commencement of the contest, he having been born in a foreign country and not having become naturalized under the laws of the United States. Upon an issue made upon this allegation, the district court found for respondent.

Upon the record before us it is doubtful whether the merits of the appeal should be considered, for the reason that it does not appear that formal judgment has been entered in the case, or, if such is the fact, that it is incorporated in the judgment-roll. What purports to be the judgment is in fact the opinion of the district judge embodying his views as to what persons are citizens of the United States, with a citation of authorities. It is not in the form of a judgment. Since, however, its concluding paragraph declares the respondent entitled to the office and to recover his costs, the parties seem to have treated it as the formal judgment. No point is made by the respondent

in this regard. We therefore take the record as it is and determine the question presented upon its merits. It is doubtful, also, whether the complaint states a cause of action. We shall not pause to consider whether it does or not.

The district court made no formal findings. In the opinion filed by the judge he makes this remark: "It is sufficient to say that the preponderance of the evidence in this case warrants the finding of fact, if the fact of the nativity of contestee can be definitely found from the evidence, that he was born on Prince Edward Island and without the jurisdiction of the United States." We are of the opinion that this statement does not amount to a finding of fact, as is claimed by appellant, because if the phrase "if the fact of the nativity of contestee can be definitely found from the evidence," indicates anything, it indicates a conviction that the evidence is not sufficient to warrant a finding one way or the other upon this point. If this be the correct view of the meaning of the learned judge, the respondent was entitled to judgment, for, the appellant having challenged the eligibility of respondent on the ground that he is an alien, the burden was upon him to prove the fact of his alienage by a preponderance of the evidence, and if, upon the whole case, he did not sustain the burden, the decision and judgment should have been against his contention.

We are of the opinion that the evidence was not sufficient to support a finding that the respondent is of foreign birth. But be this as it may, the court based its decision and judgment upon the fact which, it is apparent, it found from the evidence that at the time of the respondent's birth, in 1872, his father was a resident of Boston, Massachusetts, and continued to reside there until he died, in 1893, and was also a captain in the merchant marine service of the United States. This fact having been found, it was concluded that the son, who came or returned to the United States from Prince Edward Island, where he spent the early years of his life, at the age of fifteen and has resided here since, is, under the law, a citizen of the United States, whether born on Prince Edward Island or upon the soil

of the state of Massachusetts.    Whether this conclusion is correct is the question submitted for decision.

The residence of the father being found to have been in Boston, Massachusetts, the presumption must be indulged that he was a citizen of the United States.    (*Garfield M. & M. Co.* v. *Hammer,* 6 Mont. 53, 8 Pac. 153; 7 Cyc. 147, and cases cited.) And this presumption is strengthened by the fact that he was a captain in the merchant marine service, for, under the law, being an officer of a vessel engaged in the commerce of the United States, he must have been a citizen of the United States. (U. S. Rev. Stats., sec. 4131 [U. S. Comp. Stats. 1901, p. 2803].)

What, then, is the status of the son under the provisions of the Fourteenth Amendment to the Constitution of the United States and the Acts of Congress?    Section 1993, Revised Statutes of the United States (U. S. Comp. Stats. 1901, p. 1268), provides: ''All children heretofore born or hereafter born out of the limits and jurisdiction of the United States, whose fathers were or may be at the time of their birth citizens thereof, are declared to be citizens of the United States, but the rights of citizenship shall not descend to children whose fathers never resided in the United States.''    This is an express declaration of Congress fixing the status of children born in foreign countries whose fathers were at the time of their birth citizens of the United States; and this must be held conclusive of the rights of respondent in this case, unless the Fourteenth Amendment to the Constitution of the United States, wherein it is declared that ''all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside,'' declares otherwise.    A casual reading of this declaration would lead to the conclusion that it is exclusive as a definition of citizenship, and that only persons born or naturalized in the United States and subject to the jurisdiction thereof, are entitled to the rights of citizenship.    This portion of the amendment was considered by the supreme court of the United States in the case of *United States* v. *Wong Kim Ark,* 169 U. S. 649, 18 Sup. Ct. 456, 42

L. Ed. 890, and its general scope and meaning declared. It is there pointed out that it is to be interpreted as declaratory of the rights existing under the law at the time of its adoption and as affirmative of them, and that it has no application to acquisition of citizenship by birth in foreign lands of parents who were American citizens. The court said: ''This sentence of the Fourteenth Amendment is declaratory of existing rights, and affirmative of existing law, as to each of the qualifications therein expressed—'born in the United States,' 'naturalized in the United States,' and 'subject to the jurisdiction thereof'—in short, as to everything relating to the acquisition of citizenship by facts occurring within the limits of the United States. But it has not touched the acquisition of citizenship by being born abroad of American parents; and has left that subject to be regulated, as it had always been, by Congress, in the exercise of the power conferred by the Constitution to establish a uniform rule of naturalization.''

This statement of the court was not altogether pertinent to the case before it for decision, but the whole subject of citizenship is elaborately discussed, with a review of all the decided cases upon the subject by the American and English courts and the decisions of the state department, and we are of the opinion that its conclusion must be considered as an authoritative one.

The judgment of the district court was therefore correct and must be affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY concurs.

MR. JUSTICE MILBURN: The definition of ''citizen'' in the Federal Constitution being, I think, so simple and easily understood, and the opinions of the federal supreme court, of the federal state department (under international law), and of textwriters being so numerous and labored and to me confusing, I hesitate to express an opinion at this time, as to what constitutes citizenship. I therefore content myself with merely concurring in the result reached without concurrence in the opinion.