## IN THE MATTER OF THE ESTATE OF LARS PERSON, DECEASED.

### C. E. WALLERSTEDT v. FRITZ O. TRANK.[1]

July 2, 1920.

No. 21,739.

**Appointment of consul as administrator of foreign citizen.**

1. To entitle the consul of a foreign country to be appointed administrator of the estate of a deceased resident of this state, he must show that the decedent was a citizen of the foreign country.

**Presumption as to citizenship.**

2. A person is presumed to be a citizen of the country in which he resides until the contrary is shown.

**Finding as to citizenship correct.**

3. As the decedent had been a resident and property owner of this state for many years, and there is no evidence that he was foreign born, the trial court correctly *held* that he was a citizen of the United States.

**Appointment of respondent upheld.**

4. The appointment of the respondent as administrator was justified by the evidence.

Fritz O. Trank, a nephew and creditor of decedent, petitioned the probate court for Wabasha county to appoint E. L. Sylvester as adminis-

[1]Reported in 178 N. W. 738.

trator of the estate of Lars Person, deceased. As representative of the Kingdom of Sweden, the Swedish consul in the district of Minnesota, C. E. Wallerstedt, filed objections to the appointment of Sylvester, and a petition for the appointment of himself as administrator. After hearing the petitions, the court, McLeod, J., appointed Fritz O. Trank administrator. On appeal to the district court for Wabasha county, the court, Callaghan, J., affirmed the order of the probate court. Appellant's motion for amended findings was denied. From the judgment entered pursuant to the findings, C. E. Wallerstedt appealed. Affirmed.

*Adolph E. L. Johnson,* for appellant.

*James A. Carley,* for respondent.

TAYLOR, C.

This is an appeal from the judgment of the district court of Wabasha county, affirming the order of the probate court of that county appointing respondent as administrator of the estate of Lars Person, deceased.

Lars Person, for many years a resident of Wabasha county, died intestate on August 7, 1918, possessed of a farm and of considerable other property in that county. He had never been married and his sole heirs are two aged sisters residing in Sweden. Respondent is the son of one of these sisters and had resided with Person on his farm for some 14 years immediately preceding his death. He and B. P. Anderson, a son of the other sister, cared for Person during his last illness. In due time respondent filed a petition in the probate court, setting forth that he was a nephew of the decedent and interested in his estate as a creditor, and asking for the appointment of an administrator. Thereafter appellant as consul for the Kingdom of Sweden in the state of Minnesota filed a petition in the probate court, asserting that Person was a native of Sweden, and asking to be appointed administrator of his estate. The probate court found that Person was a citizen of the United States, and that respondent was his nephew and a creditor, and appointed respondent as administrator. Appellant appealed to the district court, where the case was tried de novo, and that court made findings to the same effect as those of the probate court, and rendered judgment affirming the appointment of respondent as administrator. A further appeal brings the matter before this court.

The occasion for this controversy is not apparent, for there is nothing in the record to indicate that the appointment of respondent, the son of one of the heirs and the nephew of the other, is not entirely satisfactory to both of the heirs.

We find the evidence sufficient to justify the finding that respondent was a creditor, and also sufficient to justify his appointment as administrator, unless the appellant is entitled to such appointment in his capacity as consul for the Kingdom of Sweden. Passing other questions, it is clear that the appellant is not entitled to be appointed administrator in his capacity as such consul, unless the decedent was a citizen of Sweden. Both the probate court and the district court found as a fact that the decedent was a citizen of the United States. If justified by the record, this finding is decisive of the case.

Every person is presumed to be a citizen of the country in which he resides until the contrary is shown. State v. Beackmo, 6 Blackf. (Ind.) 488; State v. Jackson, 79 Vt. 504, 65 Atl. 657, 8 L.R.A.(N.S.) 1245; Buckley v. McDonald, 33 Mont. 483, 84 Pac. 1114; Devanney v. Hanson, 60 W. Va. 3, 53 S. E. 603; Sandberg v. Borstadt, 48 Colo. 96, 109 Pac. 419; Trotter v. Dobbs, 38 Miss. 198; Coxe v. Gulick, 10 N. J. Law, 328; Jantzon v. Arizona Copper Co. 3 Ariz. 6, 20 Pac. 93; Shelton v. Tiffin, 6 How. 163, 12 L. ed. 387. The decedent had been a resident and property owner of this state for many years and consequently is presumed to have been a citizen of this country. While appellant asserted in his petition that the decedent was a native of Sweden, he adduced no evidence whatever in support of that assertion. There is an utter absence of any evidence tending to show that the decedent was foreign born or had ever been within the Kingdom of Sweden. In this state of the record the decision of the learned trial court was clearly correct.

Judgment affirmed.