## CARL A. OKEN v. ADOLPH E. L. JOHNSON.[1]

July 18, 1924.

No. 24,084.

**Administrator of foreign born citizen.**
    1. Our probate law does not give the consul of a foreign country the right to be appointed administrator of the estate of a person born in the foreign country but who became a naturalized citizen of this country.

**When creditor may be appointed administrator.**
    2. Chapter 513, Laws of 1917, amending section 7287, G. S. 1913, authorizes the court to grant administration to a creditor or other person interested, in all cases arising under subdivision 2 of that section as amended.

**Probate appeals tried de novo in district court.**
    3. Cases appealed from probate court are tried de novo in district court.

[1]Reported in 199 N. W. 910.

Proceedings in the probate court for Hennepin county in the matter of the appointment of an administrator for the estate of Fred Sjoquist as stated in the first paragraph of the opinion. The appeal to the district court of Carl A. Oken from the order of the probate court, Dahl, J., appointing Adolph E. L. Johnson administrator, was heard by Dickinson, J., who made findings, reversed the order of the probate court and appointed Oken administrator. From an order denying his motion for amended conclusions or for a new trial, Adolph E. L. Johnson appealed. Affirmed.

*Adolph E. L. Johnson*, pro se.

*H. M. Feroe*, for respondent.


TAYLOR, C.

Fred Sjoquist, born in Sweden but a naturalized citizen of this country and a resident of Hennepin county, died intestate August 3, 1921, leaving as his sole and only heirs his wife and an adult daughter who are and always have been residents of Sweden. On September 12, 1921, Carl A. Oken, a brother-in-law of the decedent residing in Hennepin county and a citizen of this country, filed a petition in the probate court, representing that he was a creditor of the decedent and asking to be appointed administrator of his estate. At the hearing on this petition the Swedish vice consul appeared and at his request the probate court appointed Adolph E. L. Johnson as administrator. Thereafter the widow and daughter of the decedent, by duly executed powers of attorney, conferred upon Oken plenary power to represent and act for them in all matters pertaining to the estate and its administration as fully as they could do if present and acting personally, and in the power of attorney expressly requested that he be appointed administrator. Acting under and pursuant to this authority, Oken appealed to the district court from the order appointing Johnson. At the trial in the district court it was established that the decedent had become a naturalized citizen of the United States, a fact not disclosed at the hearing in the probate court. As a result of the trial, the district court appointed Oken as administrator, as requested by the widow

and daughter, and revoked and vacated the order appointing Johnson. Johnson appealed from an order denying a new trial.

Subdivision 2 of section 7287, G. S. 1913, as amended by chapter 513, p. 870, Laws of 1917, provides:

"* * * If the decedent was a native of any foreign country and the surviving spouse and next of kin neglect for thirty days after his death to apply for administration, the same may be granted to the consul or other representative of the country of which the decedent was a native, residing in this state, who has filed a copy of his appointment with the secretary of state, or to such person as he may select, if suitable and competent to discharge the trust. But the court in any case arising under this subdivision shall have the discretion to appoint one or more creditors, or other person interested, or to appoint any suitable or competent person interested in the estate by purchase or otherwise."

This statute provides that if the decedent was a native of a foreign country and the spouse and next of kin neglect for 30 days after his death to apply for administration, administration may be granted to the consul of that country or to a person of his selection. Appellant contends that the expression, *native* of a foreign country, means a person born in that country; that the decedent having been born in Sweden was a *native* of Sweden, although a citizen of the United States, and that, his widow and daughter having failed to apply for administration within the 30-day period, the statute gives the Swedish consul the right to select the administrator, notwithstanding the fact that the decedent died a citizen of this country. We are unable to sustain this contention.

It is doubtless true that the expression, a native of a foreign country, usually means a person born in a foreign country, but we think that the legislature did not use it in that sense in our probate law, but used it to designate a citizen of a foreign country as distinguished from a citizen of this country. Giving to the representative of a foreign country a preference right to administer upon the estate of citizens of this country is so at variance with the recognized right of every sovereign state to exercise exclusive control over its own citizens and their property within its borders, that

we cannot believe that the legislature intended to grant any such privilege to foreign consuls.  If the contention of the appellant be correct, whenever the widow and children of a naturalized citizen neglect for 30 days after his death to apply for administration, a foreign consul may exclude them and take over the administration of his estate although he married and reared his family here, and everyone interested in the estate is a resident and native born citizen of this country, and the entire estate is located here and is to remain here and be distributed under our laws.  Only express and unmistakable language will justify giving a statute a construction which will bring about such consequences.  The cases dealing with the rights and duties of consuls in respect to the estates of their deceased nationals are collected in the notes found in Ann. Cas. 1913D, 654, and 1916D, 237, but throw little light on the present question.

The statute was considered and construed in Austro-Hungarian Consul v. Westphal, 120 Minn. 122, 139 N. W. 300, and in Waller-stedt v. Frank, 146 Minn. 230, 178 N. W. 738.  The point now urged that the legislature, by using the word "native" in the statute instead of the word "citizen", gave a foreign consul the right to intervene and control the administration of the estate of a naturalized citizen of this country, was not raised in either of those cases. In fact the present case is the first to reach this court in which such a claim has been made, although the language upon which the claim is based has stood in the statute for more than 50 years. Both cases cited treat the privilege accorded a foreign consul as limited to those cases in which the decedent was not a citizen of this country, but died a citizen of the foreign country, and we hold that it is limited to such cases.

The other questions raised do not require extended comment. As stated by appellant, the Westphal case held that the statute prescribing the order in which persons eligible for appointment as administrator shall take precedence was mandatory as it then stood.  But the amendment of 1917 changed that rule by providing that, in any case coming under subdivision 2, the court shall have the discretion to appoint a creditor or any other person interested.

Consequently appointing Oken was within the discretion of the court, even if the decedent had not been a citizen of this country.

Appellant claims that the order appointing an administrator is not a final order and that an appeal therefrom is not effective. The statute, section 7490, G. S. 1913, expressly authorizes an appeal from such an order. Appellant also claims that the jurisdiction of the district court in probate matters is appellate only. This is true; but on such appeals the district court is not restricted by the rules governing courts of review, but tries the case de novo and makes the order or decree which, in its judgment, the facts presented to it warrant.

Order affirmed.