# IN RE ESTATE OF JOHN EKLUND.
## ALEXANDER NILSSON AND ANOTHER, APPELLANTS.[1]

March 2, 1928.

No. 26,485.

**Probate court acquired jurisdiction of estate.**

1. (a) The probate court acquired jurisdiction under the facts stated in the opinion even though the person making the petition was not a person interested in the estate, the petition upon its face stating that she was.

**Death of person leaving an estate within its territory gives probate court jurisdiction.**

(b) The fundamental fact which gives a probate court jurisdiction of the subject matter of administering an estate is the death of a person leaving an estate within the territorial jurisdiction of the court. The proceeding is one in rem.

**When order appointing executor or administrator is binding.**

(c) Where facts essential to jurisdiction over the subject matter exist and the court determines from the evidence presented that it has authority to administer a particular estate and has taken control of the estate by appointing an executor or administrator to administer it, the order making the appointment is binding and effective.

**When notice upon consular representative of native country of naturalized citizen is unnecessary.**

2. When a naturalized citizen of the United States dies within this state leaving property therein, it is not necessary to serve a notice of the time and place of hearing upon the consular representative of the country of his birth if there be one in this state. The words "native of a foreign country" mean a citizen of a foreign country as distinguished from a citizen of this country.

**No fraud, surprise, excusable inadvertence or neglect in this case.**

3. Under the facts stated in the opinion, there was no fraud or misrepresentation and nothing to establish surprise or excusable inadvertence or neglect.

[1] Reported in 218 N. W. 235.

**Decree is conclusive, even if probate court's construction of will was an error of law.**

4. The probate court having jurisdiction, and there being no fraud or mistake, and having fully construed the will, if the court erred in its construction, the error was one of law and not of fact. No appeal being taken within the statutory time, the decree is binding and conclusive.

Executors and Administrators, 23 C. J. p. 1007 n. 24; p. 1055 n. 19; p. 1057 n. 52; p. 1058 n. 73; p. 1064 n. 67; p. 1065 n. 87.
Wills, 40 Cyc. p. 1862 n. 21.

See 11 R. C. L. 84; 2 R. C. L. Supp. 1202.

Pursuant to a decree of the probate court of Watonwan county the assets of the estate of John Eklund were distributed among the heirs of Hannah Eklund, deceased wife of John. Later a petition was filed in probate court by Alexander Nilsson and Mathilda K. Engdahl, the heirs of John, setting forth their claim to the estate and praying that the former decree be vacated. Their petition was denied, Seager, J. and they appealed to the district court, where the case was tried before Comstock, J. who ordered judgment in their favor. Respondents made a motion for a new trial, which was granted, Harry A. Johnson, J. Upon the new trial there were findings in respondents' favor, and appellants Nilsson and Engdahl appealed from an order denying their motion for a new trial. Affirmed.

*John N. Berg* and *Adolph E. L. Johnson,* for appellants.

*Farmer & Tighe* and *Albert Running,* for respondents Anderson, Persson, Benson, Thompson, Bergman, Ranseen, Rask and Peterson.

*J. L. Lobben,* for respondent Wenstrom.

HILTON, J.

Appeal by Alexander Nilsson and Mathilda K. Engdahl from an order of the district court denying motion for a new trial.

John Eklund, born in Sweden, a naturalized citizen of the United States, died without issue on January 20, 1918, in Watonwan county, leaving property therein worth upwards of $20,000. On June 13,

1894, he made his last will and testament in which he devised and bequeathed to his wife, Hannah Eklund, her heirs and assigns forever, all of his property. On the same date Hannah Eklund made her will, similar in terms, in which she named John Eklund, his heirs and assigns forever, as the beneficiaries.

Hannah Eklund died in 1915 leaving no estate. Both wills were delivered to the judge of probate by the coroner and, on January 24, 1918, at the request of the judge of probate, the county attorney and the coroner were at his office at the time the wills were opened. The judge of probate had instructed the coroner to request Bengta Anderson to be present. She did not appear but her daughter and son did. The judge of probate at that time knew who were the heirs of John Eklund and Hannah Eklund, respectively. The court then announced that the heirs of Hannah Eklund were entitled to the estate of John Eklund and directed that Bengta Anderson petition for the administration of the estate. She secured the county attorney to assist her. Under advice of her attorney, she filed petition in probate court which alleged among other things:

"That your petitioner is a resident of the City of St. James, in the County of Watonwan and State of Minnesota, and is an adult, and is interested in the estate of the decedent in this to-wit: Sister and heir of Hannah Eklund, who is now deceased, the said Hannah Eklund, her heirs and assigns, being named as sole devisees and legatees in and by the terms of the last will and testament of said decedent."

In this petition the names, ages, residences and relationship of the heirs of John Eklund and his wife were stated as follows:

| "Names | Ages | Residence | Relationship |
| --- | --- | --- | --- |
| | [Heirs of John Eklund] | | |
| "Alexander Nilsson | 65 | P. O. Broas, Sweden, | Brother |
| "Tilda Nelson | Unknown | P. O. Broas, Sweden, | Sister |

"Heirs of Hannah Eklund, deceased wife of decedent, said Hannah Eklund, her heirs and assigns, being sole devisees and legatees.

| "Bengta Anderson | 62 | P. O. St. James, Minn. | Sister of Hannah Eklund |
| "Jens Anderson | 67 | P. O. Trolleholm, Malmo, Sweden, | Brother of Hannah Eklund |
| "Ida Persson | 42 | Gullarp Trolleras, Sweden, | Niece of Hannah Eklund" |

Not being familiar with the English language and business matters, Bengta Anderson requested that Olof A. Benson be appointed administrator. The will was duly admitted to probate and Benson was appointed and qualified as administrator with will annexed. The estate was fully administered, the final account approved, and pursuant to a final decree dated December 9, 1919, all the assets of the estate were turned over, share and share alike, to the three heirs of Hannah Eklund, deceased. The administrator and his bondsmen were discharged.

A part of the estate consisted of lots with a dwelling house thereon, which were in March, 1919, purchased by respondent Andrew D. Peterson from the persons to whom decreed for $3,500, a full and fair consideration. A certified copy of the decree was of record in the office of the register of deeds, as was also the deed to Peterson. He has been living on the property ever since.

In September, 1922, two residents of Watonwan county visited Sweden and from them, at that time, information came to the appellants that John Eklund was dead and that his property had been disposed of by will to his wife's relatives. Appellants had been in correspondence with John Eklund, but after his death letters written to him had been returned. They had heard nothing from him since 1918. No steps were taken by appellants in the matter until in July, 1923, when the Swedish consul in Minneapolis received an inquiry from them in reference thereto.

On April 17, 1924, a petition was filed in probate court in their behalf setting forth their claim to the estate and praying that the various judgments, orders and decrees be vacated and set aside, and that all proceedings therein be declared null and void. A petition for the appointment of an administrator was filed at the same time.

The probate court issued an order to show cause, a hearing was had, and on February 14, 1925, the court filed its order denying the petitions. An appeal was taken to the district court and a trial had before Judge Comstock without a jury on January 11, 1926. On December 30, 1926, the court ordered judgment in favor of appellants, holding that the probate court had not acquired jurisdiction. The probate court was directed to make appropriate orders to carry into effect the decision of the district court. Judge Comstock's term of office expired on the first Monday of January, 1927, and Judge Harry A. Johnson became his successor. On March 15, 1927, a motion for a new trial was made, which was granted on April 9, 1927. A new trial was had, and findings of fact and conclusions of law were made directly contrary to those previously made and judgment ordered. Appellants moved for amended findings of fact and conclusions of law or for a new trial. On July 30, 1927, an order was filed denying the motion, and this appeal is from that order.

The questions here necessary for determination are: (1) Did the probate court acquire jurisdiction to administer the estate of John Eklund; (2) should notice have been given to the consular representative of Sweden; (3) was there a mistake resulting from fraud, misrepresentation, or surprise, excusable inadvertence or neglect; (4) if a mistake was made, was it one of law or one of fact?

1. It is urged by appellants that the probate court did not acquire jurisdiction for the reason that Bengta Anderson, the petitioner, was not a person having an interest in the estate.

The probate court is a court of record, created by the constitution and given jurisdiction over the estates of deceased persons. The constitution does not however prescribe the manner in which jurisdiction shall be obtained. That is provided for by statute. G. S. 1923, § 8708, provides:

"Every proceeding in the probate court shall be commenced by petition, briefly setting forth the ground of the application, and signed by or on behalf of the party making the same, and be verified as in the case of pleadings in civil actions."

G. S. 1923, § 8751, is in part as follows:

"Any executor, devisee, or legatee named in a will, or any other person interested in the estate, * * * may petition the probate court of the proper county to have the will proved * * *."

It is now well settled in this state that a literal, strict construction is not to be placed upon the words "person interested in the estate" in determining the jurisdiction of a probate court. The proceeding was one in rem. Fridley v. Farmers & M. Sav. Bank, 136 Minn. 333, 162 N. W. 454, L. R. A. 1917E, 544; see also In re Estate of Davidson, 168 Minn. 147, 150, 210 N. W. 40. In the Fridley case [136 Minn. 333] one Price applied for administration claiming to be the husband of Mary Fridley Price, deceased, and letters of administration were issued to him. Price however had a wife still living from whom he had never been legally divorced. He was not a person interested in the estate. The court held:

"That the person whose estate is sought to be administered is in fact dead, and in fact left an estate within the territorial jurisdiction of a particular probate court, are the fundamental facts which give that probate court jurisdiction of the subject matter of administering such estate." [p. 336.]

"When a person dies and leaves an estate upon which the power of a particular probate court can operate, that court has jurisdiction of the subject matter of administering such estate, and its jurisdiction over the particular estate attaches when it seizes the *res,* that is, when it takes control of the estate in the manner and by the means prescribed by law." [p. 337.]

"Where the facts essential to jurisdiction over the subject matter exist, and the court has determined from the evidence presented that it has authority to administer a particular estate and has taken control of the estate by appointing an executor or administrator to administer it, the authorities, in the great majority of cases, hold that the order making the appointment is binding and effective until reversed or revoked in a direct proceeding, unless its invalidity appears upon the face of the record, and that it affords full protection

to those who, prior to such reversal or revocation, acted in reliance upon it." [p. 339.]

Even if it be admitted that the petitioner here was not interested in the estate, nevertheless the petition states that she was. The court had jurisdiction over the subject matter of the estate, believed that the petitioner was entitled to one-third of the estate, and eventually, by its decree, so held. On the authority of the Fridley case, 136 Minn. 333, 162 N. W. 454, L. R. A. 1917E, 544, and the cases therein cited, we hold that the court in the instant case had jurisdiction.

2. It was not necessary to give notice to the consular representative of Sweden. G. S. 1913, § 7231 (now G. S. 1923, § 8714), provides that when an application is made to prove a will and the decedent was "a native of a foreign country," notice of the time and place of hearing shall be served upon the consular representative of such country, if there be one in this state.

John Eklund, being a naturalized citizen of the United States, was not "a native of a foreign country" within the meaning of those words as found in the above referred to section and in G. S. 1913, § 7287, as amended by L. 1917, p. 870, c. 513. It was held in Oken v. Johnson, 160 Minn. 217, 199 N. W. 910, that the words "native of a foreign country" were used by the legislature "to designate a citizen of a foreign country as distinguished from a citizen of this country."

It is interesting to note that after the decision in Oken v. Johnson, 160 Minn. 217, 199 N. W. 910, the legislature enacted L. 1925, p. 122, c. 135.

3. The record does not disclose any fraud or misrepresentation. The petitioner acted by direction of the probate court in filing the petition which was drawn by her attorney. She did not misrepresent the facts and took no active part in the administration of the estate. The administrator acted in perfect good faith and everything was done in the manner directed by the court.

G. S. 1913, § 7490, subd. 8 (now G. S. 1923, § 8983) provides that an appeal to the district court from a judgment, order or decree of

the probate court may be taken by any party aggrieved in the following case: "An order vacating or refusing to vacate a previous order, judgment, or decree alleged to have been procured by fraud, misrepresentation, or through surprise or excusable inadvertence or neglect." Under the facts in this case, there is nothing indicating surprise or excusable inadvertence or neglect.

4. The district court, in the present case, held that the probate court had jurisdiction and that there was no fraud or mistake. The court in its findings states that the final decree in said estate "fully construed the last will and testament of said John Eklund, deceased. That if the court erred in its construction of the last will and testament of said decedent, and in the making of its final decree of distribution, the error was one of law and not of fact." With this we agree. No appeal having been taken within the statutory time, the decree is binding and conclusive.

"If the decree of distribution was obtained by fraud, or was the result of mistake, relief may be had in equity, 'but if there is no fraud, and no mistake other than an erroneous construction of the terms of the will, the decree is binding and conclusive.'" Robinson v. Thomson, 137 Minn. 446, 163 N. W. 786, citing Leighton v. Bruce, 132 Minn. 176, 156 N. W. 285.

By reason of the conclusions heretofore reached, it will not be necessary to consider other assignments of error.

Order affirmed.