## Elizabeth Tong v. Percy Marvin and others.

*Infant: Guardian: Probate proceedings: Fraud.* Where one procures the appointment by a probate court, of a guardian for a minor child, without the consent or knowledge of the father or other friends of such child, for the purpose of secretly obtaining title, for his own benefit, to the minor's lands, such probate proceedings not being on behalf, or in the interest, of the minor, are a fraud upon the minor's rights.

*Guardian sale: Fraud: Damage: Value.* The fact that the lands sold at guardian's sale, under such proceedings, for their full value, does not affect the minor's equities; the doctrine, that fraud and damage must concur, does not apply to such a case. No one can be forced to submit to a sale at other people's estimate of value.

*Foreclosure: Redemption: Minor: Guardian.* It is no justification to the purchaser at such sale, that, but for his having advanced to the guardian the money to redeem from a mortgage foreclosure, the lands would have been lost to the minor; and especially not, in the absence of any showing that the minor or her friends had any knowledge of the foreclosure, or of the necessity for redemption. The refunding of the money is all that a volunteer in such case could claim under any circumstances.

*Fraud: Minor: Guardian: Ratification.* The minor, by seeking to take the benefit of the redemption made by the guardian, does not thereby ratify his appointment and acts as guardian: the doctrine that one can not set aside part of a transaction as a fraud, and insist upon the benefit of the residue, does not apply to transactions to which a party has not assented, where it is impossible for him to insist upon his rights and at the same time place every thing *in statu quo.* The offer in the bill in this case, to refund the money paid for the redemption, with interest, is all that equity requires.

*Immaterial circumstances.* The right to relief in this case is not affected by the circumstance that one who has been in possession of the land without legal right, and made improvements upon it, and has an arrangement by which his equitable rights on account of his improvements, are to be recognized, is the active party in prosecuting the suit, since it sufficiently appears that the suit is authorized; with this the defendants have no concern.

*Heard October 12.    Decided October 22.*

Appeal in Chancery from Huron Circuit.

*W. L. Webber* and *B. Hanchett,* for complainant.

*Sutherland & Wheeler* and *S. M. Green,* for defendants.

COOLEY, J.

The bill in this case is filed to set aside for fraud, certain proceedings in the probate court for the county of Tuscola, by means of which, complainant has been divested of the title to certain lands. The complainant is an infant, residing with her father in the state of New York; and the complaint is, that Daniel Marvin, the ancestor of defendants, without the consent or knowledge of her father or other friends, procured his son, Lucius S. Marvin, to be appointed guardian for her in Tuscola county, with the fraudulent purpose to obtain for himself the title to her lands, which purpose he accomplished by means of a sale under a probate license. Complainant, at the time, owed no debts in Michigan, but her land was encumbered by a mortgage which was in process of foreclosure, and Daniel Marvin advanced to his son the money to enable him, as guardian, to redeem therefrom, and thereby furnished the excuse for an application to the probate court for a license to sell the lands. Daniel Marvin became the purchaser at the sale, which realized nothing for complainant over and above the redemption money and *costs,* and complainant claims that she and her friends were kept in ignorance of the proceedings during their pendency, and for several years thereafter; that the land was sold for considerably less than its market value, and that all the proceedings, being taken not in her interest, but to divest her of her rights, were a fraud alike upon herself and upon the law. The defendants take issue upon the averment that Daniel Marvin procured the appointment of his son as guardian, and *insist* upon the regularity and fairness of the probate sale, and that a fair price for the land was realized thereon; and

they also raise certain questions of law, which we shall consider in their order.

We are satisfied from the evidence that the allegations in the bill that Daniel Marvin procured the appointment of a guardian for complainant in the probate court, without the consent or knowledge of complainant's father or her other friends, and with a view secretly to obtain the title to her lands for his own benefit, are well founded. The probate proceedings, consequently, were not on behalf of complainant at all, or in her interest; but were a fraud upon her rights; and as such it would seem that she should be entitled to have them annulled and vacated.

It is insisted on behalf of the defendants, however, that even conceding the fraudulent purpose of Daniel Marvin, and that the proceedings in the probate court were had without the knowledge of complainant's friends, yet there has been no such fraud as the law can take cognizance of, because the evidence shows the probate sale to have been made for all the land was worth, and therefore complainant has not been injured by means thereof. To give a title to relief, it is claimed that there must be both fraud and damage; and complainant could not have been damnified, if the land was actually worth no more than the incumbrance upon it.

We are not satisfied from the evidence, that the land was worth nothing above the incumbrance, but if we were, it would make no difference with the legal conclusions. The doctrine that fraud and damage must concur in order to give a right of action, has no application to a case of this nature. No man can be permitted to appropriate another's property without permission, and then to justify the act by showing that he. has paid for the owner, but also without his consent, a sum of money equal to its value. A legal wrong is committed whenever a man is

dispossessed of his property against his will; and if he
demands his property back, and does not see fit to name a
compensation for it, it is clear that nobody else can name
one for him.    He cannot be forced to submit to a sale at
other people's estimates of value.

Nor is it any justification to Daniel Marvin that, if he
had not advanced the money to redeem from the mortgage
foreclosure, the land would have been lost to complainant.
This may or may not be true; but to give any weight to
the probability, it ought first to appear that complainant's
friends were apprised of the foreclosure proceedings, and
knew of the necessity for redemption.    There was no such
merit in Daniel Marvin advancing the redemption money
without the request or knowledge of the parties concerned,
as will warrant him in appropriating the land if complainant prefers to refund the money and retain it.    The
refunding of the money is all that a volunteer could claim
under any circumstances; the redemption must be presumed to have been made in the interest of the owner, and
no penalty can be imposed upon her for insisting upon it.

It is also insisted that complainant, by taking the benefit of the redemption made by Lucius S. Marvin, *as guardian*, thereby ratified his appointment and acts, as such;
that the law will not permit her to set aside part of a
transaction as a fraud, and insist upon the benefit of the
remainder.    It is true that, in the case of fraudulent contracts, the party complaining of the fraud must either disaffirm entirely, or abide by them; he cannot affirm a part
and repudiate the remainder.    But this principle has very
little application to transactions to which a party has not
assented, and none at all where it is impossible for him to
insist upon his rights and at the same time place every
thing *in statu quo.*    It can hardly be claimed that a man
must submit to all the consequences of a fraud because,

TONG v. MARVIN.

incidentally, he has received a benefit which he cannot repudiate if he would. But applying the principle here would not aid the defendants. As against them the complainant claims nothing from the redemption, but, on the contrary, proposes to refund the money paid for that purpose, and was decreed by the court to do so, with interest.

It is also objected that this suit is not, as appears from the evidence, brought in the interest of the nominal complainant, but for the benefit of one Schilling, who has been in possession of the land without legal right, and made improvements upon it. But it is sufficiently shown that the suit is authorized, and Schilling's interest in it appears to arise from an expectation and understanding that in case it is successful, his equitable rights, in consequence of his improvements, will be recognized. With all that, the defendants have no concern.

The decree set aside the probate sale and confirmed the complainant in her title to the land, on her repaying to the representatives of Daniel Marvin the sum advanced by him for the redemption, with interest. We think this was correct, and that the decree should be affirmed, with costs.

The other Justices concurred.