## ARTHUR P. PIERCE v. DORA MAETZOLD and Another.[1]

### July 17, 1914.

### Nos. 18,663—(191).

**Breach of bond of administratrix — settlement of account conclusive against surety.**

In this action to recover on the bond of the administratrix of the estate of a deceased person, it is *held:*

(1) The failure of the administratrix to pay over to her successor an

[1] Reported in 148 N. W. 302.

Note.—The authorities on the general question of the effect on surety of judgment against principal are collated in notes in 52 L.R.A. 187 and 40 L.R.A. (N.S.) 708.

amount found due from her to the estate by an order of the probate court; settling her account, was a breach of the bond for which the surety is liable, unless the order may be impeached, set aside or modified in the action on the bond.

(2) The probate court had exclusive jurisdiction of the matter of settling the account of the administratrix, and also to correct errors in its order, or to set it aside for mistake or fraud.

(3) From the nature of the obligation entered into by a surety on an administrator's bond, he is, though not a party to the proceeding, bound and concluded by a judgment against his principal, in the absence of fraud or collusion; the judgment against the principal is *res adjudicata* and cannot be collaterally attacked in an action on the bond.

(4) Whether a surety on an administrator's bond has the right to appeal from an order of the probate court settling the account of an administrator, is not determined. Such surety may be heard in the probate court on an application to correct the order or to set it aside for fraud.

(5) Such judgment or order of the probate court cannot be attacked by the surety, on the ground that the court was mistaken in the facts on which the order was based, or on the ground that it was erroneous as a matter of law.

(6) The action was one properly triable by a jury.

Action in the district court for Goodhue county by the administrator *de bonis non* of the estate of Henry Maetzold, deceased, against Dora Maetzold and the United States Fidelity & Guaranty Co. to recover $6,904.12. The facts are stated in the opinion. The case was tried before Johnson, J., who directed a verdict in favor of plaintiff for the amount demanded, and interest. From the judgment entered pursuant to the verdict and from an order denying its motion for a new trial, defendant appealed. Affirmed.

*Harris Richardson* and *Walter Richardson,* for appellant.

*C. P. Diepenbrock* and *Green & Putnam,* for respondent.

BUNN, J.

Henry Maetzold, a resident of Goodhue county, died intestate April 15, 1910. May 23, 1910, Dora Maetzold was appointed administratrix and qualified as such. She gave a bond in the sum of $10,000 with the defendant United States Fidelity & Guaranty Co. as surety, conditioned upon her faithful discharge of all the duties

of her trust as representative of the estate, according to law. Dora Maetzold acted as administratrix until in February, 1911, her resignation was accepted by the probate court. Upon her petition asking to be relieved from her trust, it was ordered and adjudged by the probate court that her resignation be accepted, that Arthur P. Pierce be appointed administrator *de bonis non*, and that the administratrix file within 10 days a full and explicit account of her receipts and disbursements as such administratrix. She filed this account August 8, 1911, and on November 16, 1911, filed an amended final account with a petition for the hearing and allowance thereof. The petition came on for hearing January 18, 1912, both the new administrator and Dora Maetzold appearing in person and by counsel. Upon evidence taken, the probate court found as facts that Dora Maetzold as administratrix of said estate received property of said estate aggregating in value the sum of $18,046.08, and that she had in her possession belonging to the estate a residue amounting to $6,904.12. The court ordered and adjudged, by a duly entered judgment, that the account as so adjusted by the court be allowed and settled as the final account of said administratrix, and that said Dora Maetzold pay and deliver over the residue of $6,904.12 to Pierce as administrator *de bonis non*. Pierce demanded payment of this residue, but Dora Maetzold refused to pay the same or any part thereof. After obtaining leave from the probate court, plaintiff, as such administrator, brought this action on the bond to recover of principal and surety the sum that the administratrix had been ordered and adjudged to pay over to plaintiff.

The complaint set forth the facts substantially as stated above. Defendant Dora Maetzold did not answer. The answer of defendant guaranty company admitted the execution of the bond, the resignation of the administratrix, and the appointment of plaintiff in her stead. For a "cross-bill, further answer and for affirmative relief herein," the defendant alleged that it was not a party to the proceedings resulting in the judgment in the probate court; that Dora Maetzold had no fund or money in her hands belonging to the estate at the time the judgment was rendered; that plaintiff, Dora Maetzold, and some of the creditors of the estate, "collusively and

fraudulently, and the said probate court mistakenly, erroneously, inadvertently, wrongfully and unlawfully," included and embraced in said sum of $6,904.12 found due from the administratrix a pretended item of $1,963.20, claimed to be based upon certain unfounded and fictitious charges against her for merchandise alleged to have been purchased by her, and another pretended item of $2,159.69, claimed to be founded upon certain false and unreal and unlawful charges against her for pretended negligence and waste and failure to let or rent certain buildings, whereas in law and in fact she was not liable to the estate for purchasing merchandise, nor had she been guilty of any waste or negligence in failure to rent any building. The answer alleged that these items were fictitious, and known to be so by plaintiff, Dora Maetzold and said creditors, and that the probate court had no right or jurisdiction to include such false and unfounded items in its order. The relief prayed for was that plaintiff take nothing by the action, that the order of the probate court be adjudged fraudulent and void, or that it be vacated and defendant allowed to defend on the merits. The reply contained a general denial, and alleged more in detail the proceedings in the probate court that culminated in the order attacked in the answer.

On the trial plaintiff proved step by step the proceedings in the probate court leading up to the order adjusting. the final account of the administratrix and directing the payment by her to plaintiff of the balance found due the estate. It appeared that these proceedings were regular and that the hearing was upon notice duly given. The order or judgment was received in evidence over the objections of defendant, the demand upon the administratrix for the moneys was shown, and the authority to bring the action was proved. Defendant Guaranty Co. then made offers to prove that the administratrix was not legally liable for the item for merchandise purchased, or for the amount she was charged for negligence or waste in not renewing the lease of the store in which the deceased had in his lifetime carried on business. The offers were numerous and full of reasons why the items were erroneously charged to Dora Maetzold by the probate court, but there was no offer to prove that the court's action was the result of fraud or collusion. The trial court sus-

tained objections to these offers, holding that the judgment of the probate court was conclusive against attacks of this kind in an action in the district court. The parties resting, the court granted plaintiff's motion to direct a verdict in his favor for the sum claimed in the complaint, with interest. The verdict was returned accordingly, and judgment entered thereon. Afterwards a motion for a new trial was made and denied. Defendant Guaranty Company appealed from the judgment, and also from the order denying a new trial.

1. There is no doubt that the failure of the administratrix to pay over to her successor the amount found due from her to the estate by the order of the probate court settling her account, was a breach of the bond for which the surety is liable unless that order can be impeached, set aside or modified in this action. The chief contention of the surety is that the trial court was wrong in holding that the order or judgment of the probate court could not be attacked in this action by a showing of the facts that defendant offered to prove. If the court was right in this position, it practically determines this appeal. The question arises both by the rulings sustaining objections to defendant's offers to prove, and by the direction of the verdict.

2. Clearly the probate court had exclusive jurisdiction of the matter of settling the account of the administratrix, and also to correct any errors in its order, or to set it aside for mistake or fraud. The district court had no jurisdiction, except on appeal. This is too well settled to require a citation of authorities.

3. From the nature of the obligation entered into by a surety on an administrator's bond, he is, though not a party to the proceeding, bound and concluded by a judgment against his principal, in the absence of fraud or collusion; the judgment against the principal is *res adjudicata* and cannot be collaterally attacked in an action on the bond. See note in 40 L.R.A.(N.S.) 708. This principle is well settled, and has been applied by this court. Jacobson v. Anderson, 72 Minn. 426, 75 N. W. 607; Pioneer S. & L. Co. v. Bartsch, 51 Minn. 474, 53 N. W. 764, 38 Am. St. 511; Connecticut Mutual Life Ins. Co. v. Schurmeier, 125 Minn. 368, 147 N. W. 246.

126 M.—29.

4. We need not decide whether the surety had the right to appeal from the order settling the account of the administrator. See however note to In re Switzer, 119 Am. St. 752, where the cases are collated, and it is said that the decided weight of authority sustains the right of a surety on an official bond to appeal from a judgment against his principal, upon the theory that as the surety, in the absence of fraud or collusion, is bound by a judgment against his principal, he is a party aggrieved. Whether this rule would obtain under a statute like ours (G. S. 1913, § 7491) we do not determine. It can hardly be doubted that the surety here might have proceeded in the probate court either in its own name or that of its principal, to obtain the correction of the order if erroneous, or its setting aside if procured by fraud and collusion.

5. But whether this be true or not, it is clear under well settled principles that this order or decree of the probate court cannot be attacked in the district court, in defense to an action on the bond, simply on the ground that the administratrix was charged with items that she may not have been legally liable for. We do not decide that the order could be attacked in this case for a fraudulent representation made by creditors to the court, but it is plain that the offers of evidence fell far short of offers to show that the decree was procured by fraud or collusion. If everything offered to be proved were true, it would only show that the probate court may not have had all the facts before it, or may have misunderstood the law, when it charged the administratrix with waste in failing to take a new lease of the store. This was not a matter of the jurisdiction of the probate court, nor a question of its power. If it decided wrongly that the administratrix was liable, it was merely an error. And the same is true as to the offers to show that the item of $1,963.-20, with which the court charged the administratrix, was incurred for the purchase of merchandise for the retail business, and that plaintiff in fact paid only a part of it. There is no question here of jurisdiction or power of the court. Its determination to charge this item to the administratrix may have been based upon imperfect knowledge of the true facts, or upon an error as to the law, but this of course does not make its judgment liable to collateral attack. What

is said is equally applicable to an item of $1,200 charged the administratrix for merchandise bought by a special administrator before her appointment. To permit inquiry into the correctness of the decree in these respects in this action, would be in direct violation of the thoroughly settled rule that such decree is conclusive, in this action, both as against the administratrix and the surety on her bond. It would be in effect settling the account of the administrator in the district court without an appeal. This, of course, the district court has no jurisdiction to do, the jurisdiction of the probate court being exclusive.

It ought to be unnecessary to point out that the rule that, as against anyone but the parties and their privies, a judgment is evidence only of the fact of its recovery, has no application where a surety had contracted to be liable for failure of the principal to obey any judgment or order that the court may make. So long as the judgment fixing the liability of the principal is one which the court has jurisdiction to render, and is not appealed from, it binds the surety as well as the principal, at least in the absence of fraud or collusion.

6. There is no force in the final contention of defendant that, because the answer pleaded fraud and asked equitable relief, the case was not triable by a jury, and the court should have made findings instead of directing a verdict. The action was at law, and its character was not changed by the answer. In any event there could not be a reversal for this cause, as it appears conclusively that plaintiff was entitled to recover as a matter of law.

Our conclusions are in accord with the views of the trial court. The objections to the offers made by defendant were properly sustained and the verdict was properly directed.

Judgment and order affirmed.