PAPER, CALMENSON & COMPANY v. R. SIGELMAN, DOING
BUSINESS AS R. SIGELMAN HIDE & FUR COMPANY.[1]

June 3, 1921.

No. 22,212.

**Vacation of judgment denied.**

The trial court did not abuse its discretion in denying defendant's
application to vacate the judgment and permit him to answer.

Action in the district court for Ramsey county to recover $422.28.
From an order, Hanft, J., denying his motion to vacate the judgment
and for leave to answer, defendant appealed. Affirmed.

*Leonard Eriksson,* for appellant.

*Jesse B. Calmenson,* for respondent.

DIBELL, J.

The defendant appeals from an order denying his motion to vacate a
judgment and for leave to answer.

The defendant lived and did business at Fergus Falls and the plain-
tiff had its place of business at St. Paul. They had commercial dealings
with one another. On July 6, 1920, the plaintiff wrote to the de-
fendant demanding payment of two claims and threatening suit. The
defendant paid no attention. On August 14, 1920, suit was commenced
and garnishment proceedings were instituted. The summons and com-
plaint and a copy of the garnishee summons and notice were personally
served upon the defendant on August 21. On October 22 judgment was
entered. On November 1 the defendant made its application for relief,
which was denied on the thirteenth. The papers on which the motion
to vacate the judgment was based were filed and were before the court,
but the defendant did not appear at the hearing. The matter was de-
termined in his absence. He made no further application for relief.
His answer was a general denial coupled with an allegation that the R.

[1]Reported in 183 N. W. 136.

Sigelman Hide & Fur Company was a corporation and not a trade name under which he did business. Affidavits were interposed in behalf of both the plaintiff and the defendant as to the validity of the cause of action and of the defendant's defense. The defense pleaded is good enough. The excuse offered for not responding to the summons is not very satisfactory. Substantially it is the defendant's ignorance of court proceedings and business usages. The evidence justifies the view that he was familiar enough with both.

Whether the judgment should have been vacated and the defendant allowed to answer was a matter resting within the discretion of the trial court. There was no abuse of discretion. This court would not interfere with the trial court's determination either way.

Order affirmed.