[1] Reported in 203 N.W. 612.
This is the third appearance here of the case. It is reported in 156 Minn. 231, 194 N.W. 376, and 161 Minn. 88, 200 N.W. 848. John R. Leak was appointed administrator of the estate of Robert Peterman, deceased, by the probate court of Winona county, and defendant became his bondsman. On petition Leak was removed and required to make a final accounting. He filed an account; a hearing thereon was had; and by an order of June 23, 1922, after the allowance of certain credits, the court charged him "with the sum of ten thousand sixteen and 21/100 dollars ($10,016.21) the amount of the funds and property in his hands belonging to said estate." Plaintiff was appointed his successor, and demanded the sum stated. It not being paid, an order was issued by the probate court directing that suit be brought to recover from defendant on its bond. Accordingly this action was brought alleging the facts just stated. Defendant defaulted and judgment was entered. Thereafter defendant moved to open the default, and asked leave to answer. From the order denying the motion the first appeal was taken. The order was reversed because of the ambiguity in the probate court's order of June 23, 1922, making it appear uncertain whether it was intended to charge Leak with $10,016.21 in money or other personal property.
On the case being remitted to the district court, Leak moved the probate court to clarify the judgment so as to indicate how much of the residue of the estate was personal property other than cash, and how much cash. The court refused. Meanwhile defendant caused the district court to review on certiorari the proceedings in the probate court, and therein the probate court was directed to clarify its judgment which previously it had declined to do because deemed needless. Thereupon, by an order dated January 5, 1924, the probate court struck from the order, or judgment, dated June 23, 1922, the words "the amount of the funds and property in his hands belonging to said estate." This left Leak charged with the sum of $10,016.21, a perfectly clear and unambiguous judgment. Then defendant moved the district court to quash the order of the probate court of June 23, 1922, and for such an order by the district *Page 170 
court as of right and justice ought to have been made by the probate court. The order denying this motion was the subject of the appeal in 161 Minn. 88, 200 N.W. 848, where the order was affirmed, on the ground that since the time had expired for an appeal from the judgment, it could not be assailed or reviewed by an appeal from an order involving its merits.
The answer herein is, in substance, that Peterman in his lifetime was under guardianship of one Loudon, who had invested the funds of his ward in mining stock, and that, when Leak was appointed administrator of Peterman's estate, the only property he received was this mining stock, and $178.03 in money; that the same was accepted upon the advice of Peterman's heirs except one, a nonresident; that said heirs had confidence in Loudon, and deemed the mining stock of value; and that Loudon has not accounted or been discharged. At the trial plaintiff filed a supplemental complaint setting forth the order of the probate court of January 5, 1924, clarifying its judgment.
The jurisdiction of the probate court to enter a money judgment is assailed. Not only is this point decided against appellant by the former appeals, but by prior decisions. In the first appeal it was stated: "The probate court settles the account of the administrator, has exclusive jurisdiction to do so, and its judgment is not subject to collateral attack. Pierce v. Maetzold,126 Minn. 445, 148 N.W. 302; Connecticut Mut. Life Ins. Co. v. Schurmeier, 125 Minn. 368, 147 N.W. 246." And again, after referring to the lack of clearness in the order as it then stood, the court said: "Barring this trouble of construction, the judgment is sufficient as a judgment upon an accounting. Balch v. Hooper, 32 Minn. 158, 20 N.W. 124." In Betcher v. Betcher,83 Minn. 215, 86 N.W. 1, it was held: "Under the constitution, as defined by the decisions of this court, the probate court has exclusive jurisdiction over the estates of decedents. This embraces absolute control over administrators and executors, and includes the necessary power to call them to proper accounting." The record is clear that on citation Leak presented his final account, and that he was duly heard thereon. There can be no question that the probate court was the only tribunal having jurisdiction both *Page 171 
of Leak and of the subject matter of his accounting as administrator.
But defendant contends that in this action the accounting can be attacked. It is only on appeal from the order or judgment on an administrator's accounting that the district court can have jurisdiction to inquire at all into the merits thereof. In the absence of an appeal the probate court's decision is final, for it has exclusive jurisdiction. Betcher v. Betcher, supra. It must follow, as held in the former appeal herein, that this is a collateral attack upon the judgment of the probate court, and reaches only the question of want of jurisdiction or invalidity of its judgment appearing upon the face of the record.
This brings us to the only possible point for appellant to stand on, namely, the power of the probate court to make the order of January 5, 1924, clarifying its judgment. The last appeal determines that the judgment as clarified by the order of January 5, 1924, speaks with certainty, and is a judgment against Leak for the sum of $10,016.21.
Appellant contends that the order of January 5, 1924, was unauthorized and a mutilation of the record rather than a correction thereof. The first appeal, at least, suggested a power in the probate court to clarify the ambiguity in the judgment. During the pendency of the review on certiorari of the action of the probate court, upon defendant's motion involving such clarification, the probate court acted in obedience to the command of the district court, even though of the opinion that there was no ambiguity. It is obvious that the probate court, by its order of June 23, 1922, intended to enter a judgment against Leak for the sum stated. The order of that court of August 14, 1923, denying the motion of Leak to specify how much of the $10,016.21 in the estate was cash and how much was other personal property, offered by defendant but excluded, fully indicates that the intention of that court originally was to enter a judgment exactly as it now reads.
The district court has the inherent power at any time after final judgment to correct its own clerical mistakes so as to make the judgment conform to what the court intended it to be. Chase v. *Page 172 
Whitten, 62 Minn. 500, 65 N.W. 84; Wright v. Krabbenhoft,104 Minn. 460, 116 N.W. 940; Schloss v. Lennon, 123 Minn. 420,144 N.W. 148. In each of the cases cited it was the inadvertence or mistake of the judge and not of the clerk which was responsible for the failure of the judgment to speak as the court intended it should.
The probate courts, in addition to their general powers under the Constitution, are granted the same powers as district courts "to correct, modify, or amend its records to conform to the facts," etc. Subdivision 4, § 8701, G.S. 1923. It is quite true that the probate court had no right on January 5, 1924, to modify or amend the judgment entered in 1922. Kurtz v. St. P. D.R. Co.65 Minn. 60, 67 N.W. 808; Gallagher v. Irish-Am. Bank, 79 Minn. 226,81 N.W. 1057; Tomlinson v. Phelps, 93 Minn. 350,101 N.W. 496. But it was also said in National Council v. Silver,138 Minn. 330, 164 N.W. 1015, 10 A.L.R. 523, "that the correction of mistakes so that the determination made by the court shall become effective is always within the power of the court," and does not expire with the termination of the right of appeal.
Appellant insists that here was no mistake to correct for the probate court in the decision referred to, refusing to grant Leak's motion to specify how much of Peterman's estate in Leak's hands was cash and how much other property, certified: "There was neither mistake of fact or clerical error." It is true the judge so did, but it also clearly appears that this was grounded wholly on his opinion that the language of the judgment of June 23, 1922, meant exactly the same as it was made to read by the order of January 5, 1924. There was therefore no modification or amendment of the judgment, it was merely clarifying an ambiguity therein which the court did not intend it to have. It may also be noted that this is not a correction of the documents or recitals upon which a judgment rests, but is to make the judgment itself speak with certainty that which it was intended to declare. We are satisfied the order of January 5, 1924, was neither a modification nor an amendment by the probate court of its judgment, but the removal of an ambiguity therein which appears to have been the result of an inadvertent use of language.
The judgment must be affirmed. *Page 173