### GRAHL *v.* MALKEMUS.

1. CANCELLATION OF INSTRUMENTS—FRAUD—QUITCLAIM DEED CONVEYS ONLY TITLE HELD BY GRANTOR—BONA FIDE PURCHASERS.

   In a suit by an infant by next friend to set aside certain deeds and to quiet title, where it appeared that his mother as former guardian conveyed the infant's interest in land for such grossly inadequate consideration as amounted to a fraud upon the infant and the court, and the grantee, who had full knowledge of the facts, quitclaimed to other defendants, *held*, to warrant a decree setting aside such deeds and quieting title in the ward; grantees in the quitclaim deed, not being *bona fide* purchasers, could take no more than their grantor, who held with knowledge and notice of the fraud, could lawfully convey.

2. GUARDIAN AND WARD—COLLATERAL ATTACK—FRAUD.

   A suit in equity to set aside a court order for the sale of an infant's interest in land and the later deeds, as fraudulent, is not subject to the rule of collateral attack applicable to actions at law, since it is the approved method of procedure.

[1]Cancellation of Instruments, 9 C. J. § 35; Guardian and Ward, 28 C. J. § 343; Vendor and Purchaser, 39 Cyc. pp. 1693, 1694; [2]Guardian and Ward, 28 C. J. § 350; Judgments, 34 C. J. § 827.

3. QUIETING TITLE—DECREE DOES NOT AFFECT RIGHTS OF PERSONS NOT PARTIES.

A decree setting aside deeds as fraudulent and quieting title in plaintiff, does not affect rights of persons not parties to the suit.

Appeal from Wayne; Codd (George P.), J. Submitted June 16, 1927. (Docket No. 111.) Decided October 3, 1927.

Bill by Harry Grahl, an infant, by his next friend, against Floyd M. Malkemus, Albert Stricker, Henry Laethem, and others to set aside certain deeds and to quiet title. From a decree for plaintiff, above named defendants appeal. Affirmed.

*Mahoney & Johnson,* for plaintiff.

*Dykema, Jones & Wheat,* for defendant Malkemus.

*William E. Tarsney,* for defendants Stricker and Laethem.

*Behr & Coolidge* and *De Baeke & Van Osdol (Joseph A. Luyckx,* of counsel), for other defendants.

CLARK, J. Plaintiff, Harry Grahl, an infant, succeeded by inheritance to an interest in certain real estate, which interest was of the value of approximately $11,900. His mother was by appointment his guardian. She attempted to convey the interest of her ward without having been authorized so to do. Later she petitioned the court for license to sell such interest for approximately $650. Orders were made and the interest conveyed accordingly to defendant Malkemus, who took with full knowledge of the facts. Malkemus gave quitclaim deed to defendants Stricker and Laethem. Plaintiff filed this bill attacking the court's proceedings and orders of sale as fraudulent, and he prayed that all of the stated

⁸Quieting Title, 32 Cyc. p. 1384 (Anno).

conveyances of his interest be set aside as also fraudulent and unlawful. He had decree. Defendants Malkemus, Stricker, and Laethem have appealed.

It will not be necessary to refer to other parties. Nothing is claimed nor can be claimed for the unauthorized conveyance as against plaintiff, made by the guardian. Nor is it seriously contended that the proceedings in court and the orders therein, resulting in transfer of the valuable interest of the infant for a comparatively trifling sum, were not a fraud upon the court and upon plaintiff. Stricker and Laethem, grantees in a quitclaim deed, are not *bona fide* purchasers and take no more than their grantor, Malkemus, who held with knowledge and notice of the fraud, could lawfully convey. *Beakley* v. *Robert*, 120 Mich. 209.

Appellants' chief contention is that this is a collateral attack, which is not to be permitted, upon the court's proceedings and orders pursuant to which the plaintiff's interest was conveyed, and they cite many cases in ejectment. The rule against collateral attack is applicable in such actions at law, but it has no importance here. This is a bill in equity whose main feature is a direct attack on the court's proceedings and orders as fraudulent, and it is the approved method of procedure. *Tong* v. *Marvin*, 26 Mich. 35 (opinion by Mr. Justice COOLEY).

It is said that there are persons interested in this property subsequent to Stricker and Laethem, and who are not parties hereto. If that be true the decree will affect none of their rights.

Decree affirmed, with costs to plaintiff against the appellants herein named.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.