CARL J. WOLD v. PEOPLES TRUST AND SAVINGS BANK.[1]

March 14, 1930.

No. 27,771.

[1]Reported in 229 N. W. 785.

*Steuart & McCaughan,* for appellant.

*Junell, Oakley, Driscoll & Fletcher* and *Charles B. Howard,* for respondent.

HOLT, J.

Plaintiff appeals from the order denying his motion for a new trial.

The complaint alleged that plaintiff was adjudged incompetent by the probate court of Hennepin county in June, 1919, and the defendant, then known by another name, was appointed guardian of his property; and that in December, 1920, the guardian petitioned the probate court to invest $1,100 in the purchase of a mortgage upon a quarter section of land in Montana known as the John L. Masters mortgage, which mortgage was then owned by defendant, but of that fact the court was not informed; that in June, 1921, plaintiff was restored to capacity; that in June, 1927, defendant was discharged from the guardianship; that plaintiff did not discover that the land mortgaged was worthless until the spring of 1926; and that plaintiff has been damaged. Defendant alleged a discharge from its guardianship after plaintiff was restored to capacity upon a hearing had upon its final account wherein this Masters' mortgage was an item which was approved by the court and was received and accepted by plaintiff. It also set up the defenses of the statute of limitations, ratification and estoppel. The court made findings in defendant's favor upon all the defenses pleaded. The findings are assailed as without support and findings contrary to those made were requested.

There is no need of considering all of the findings attacked for we think the judgment of the probate court allowing the final account of defendant as guardian and discharging it as such is not open to this collateral attack. All the facts with reference to the adjudication in the probate court are virtually without dispute. The records in the guardianship proceedings disclose that mortgages

other than the Masters mortgage had been transferred from the estate of the guardian to that of the ward and some back again to the estate of the guardian. However each transaction was authorized by the probate court. Thus in December, 1920, the guardian petitioned the court to be allowed to "repurchase" the ward's $4,000 Kobberman mortgage, giving in exchange thereof the Masters mortgage of $1,100 and the Nantt mortgage of $2,000 and turn over for the immediate needs of the ward $666 in cash. This the court by order authorized. After plaintiff, on June 16, 1921, was restored to capacity, defendant presented its final account in which the two mortgages were listed as assets to be turned over to plaintiff. Plaintiff filed objection to receiving the two mortgages on the ground among others that "said investments were evidently made for the interest and benefit of the guardian, and not for the interest or benefit of" the ward. On the hearing defendant offered to "repurchase" the Nantt mortgage, giving in exchange therefor an Oswald mortgage for $1,500 and cash. Thereupon on June 27, 1921, plaintiff petitioned the court, stating that defendant had made a full settlement with him and that he had received all the money and property belonging to him from the guardian, and prayed that the guardian, this defendant, be discharged. Plaintiff also then gave receipt in full for the Masters and Oswald mortgages and the cash. Thereupon the probate court on that day entered the order discharging the guardian. In all this plaintiff was represented at every step taken by attorneys of high professional standing and ability.

An order or judgment of the probate court approving or settling a guardian's final account and discharging a guardian upon proof that the money and property disclosed by the approved account have been turned over to the ward is as conclusive as a judgment of the district court upon a matter within its jurisdiction. In passing on a guardian's final account the probate court has all the powers of a district court so far as protecting and redressing any wrong or failure of the guardian to discharge his duty toward the ward. It is clear from what already has been recited that plaintiff, his counsel, and the court knew that the Kobberman, Nantt and Masters

mortgages had been sold and transferred by defendant to itself as guardian, for the petitions and orders speak of their "repurchase." Defendant could not well have repurchased a mortgage from the ward's estate unless it had previously sold it to the estate. Nor could plaintiff very well have raised the objections he did raise to the final account unless aware of the fact that the mortgages had come from the guardian's private estate. The probate court has exclusive jurisdiction to settle accounts of guardians and administrators. Its order or decrees in that respect are not subject to collateral attack. 5 Dunnell, Minn. Dig. (2 ed.) §§ 7769a, 7774; Pierce v. Maetzold, 126 Minn. 445, 148 N. W. 302; Wilson v. Erickson, 152 Minn. 364, 188 N. W. 994; DeWolf v. Ericson, 175 Minn. 68, 220 N. W. 406. This action is not a direct attack upon the order of the probate court allowing the final account and discharging the guardian. It is true that this court has held a trust company, such a corporation as defendant is, to a strict observance of its fiduciary duties which forbids selling or buying between it and its cestui que trust. Especially should this rule obtain in a case when the latter is a minor or an incompetent. St. Paul Tr. Co. v. Strong, 85 Minn. 1, 88 N. W. 256; Larson v. Security B. & T. Co. 178 Minn. 209, 224 N. W. 235, 226 N. W. 697; Kelly v. First Minneapolis Tr. Co. 178 Minn. 215, 226 N. W. 696. But such transactions cannot be considered absolutely void, for they may be ratified, as indicated in the Strong case. The transfer of the Masters mortgage to the estate of the defendant's ward as an investment was unquestionably voidable, and if plaintiff had persisted in his objection thereto the probate court would have surcharged the guardian's account with the amount thereof. But on plaintiff's own petition the probate court approved the conduct of the guardian in obtaining this investment for him.

There is no merit to plaintiff's claim made in his reply brief that the order or decree of the probate court was not interposed as a bar or defense in the court below. It was pleaded and proved. The record contains the proceedings in the probate court.

As already stated, the complaint charges no active fraud or attempt to mislead the probate court nor any mistake. The allega-

tions and plaintiff's proof were far short of sustaining a case of direct attack, under the doctrine of such decisions as Wilson v. Erickson, 152 Minn. 364, 188 N. W. 994; DeWolf v. Ericson, 175 Minn. 68, 220 N. W. 406; Bruski v. Bruski, 148 Minn. 458, 182 N. W. 620; Grahl v. Malkemus, 240 Mich. 387, 215 N. W. 295. The allegations with reference to these several mortgages are that it "was not made known to said probate court" that the guardian owned them when the probate court authorized the ward's funds to be invested in their purchase. There is an allegation that plaintiff did not know thereof until in December, 1925. Plaintiff did not call his attorneys to prove what they knew or ascertained when they filed objections to their acceptance on the ground above stated. From the records to which attention has been called, we think the reasonable inference is that both plaintiff's attorneys and the probate court knew the actual situation in respect to the mortgages. Evidently no loss is claimed on the Oswald mortgage. And neither pleading nor proof authorized the district court to disturb the order of the probate court relative to the Masters mortgage.

The order is affirmed.