### In re McDONALD'S ESTATE.
#### No. 590.

District Court, D. Minnesota, Sixth Division. July 22, 1930.

William E. Tracy, of Duluth, Minn., for Kirby.

Doherty, Rumble, Bunn & Butler, of St. Paul, Minn., for National Surety Co.

SANBORN, District Judge.

This matter came on to be heard upon a motion of S. C. Kirby, individually and as administrator de bonis non of the estate of David McDonald, to remand. Mr. William E. Tracy, of Duluth, Minn., appeared for S. C. Kirby; and Messrs. Doherty, Rumble, Bunn & Butler, of St. Paul, Minn., appeared for the National Surety Company, on whose petition this matter was removed to this court.

It appears that O. J. Lofthus was originally appointed administrator of the estate of David McDonald by the probate court of Traverse county. He resigned and filed his account. The probate court determined that he had a balance of cash in his hands belonging to the estate of $29,531.72, and he was ordered to pay over that amount to S. C. Kirby, the administrator de bonis non. Mr. Kirby gave notice to Mr. Lofthus of the order of the court, and also gave notice to the National Surety Company, a citizen of New York, the surety on his bond. Lofthus took no appeal from the order. The surety company, within thirty days after notice to it, appealed to the state district court of Traverse county, under the provisions of section 8983 et seq., General Statutes of Minnesota 1923, and then removed the proceeding to this court on the ground of diversity of citizenship. The question to be determined is whether it can, under the circumstances, bring the controversy into this court.

Under the laws of this state, the probate court had exclusive jurisdiction of the matter of settling the administrator's account. Turner v. Fryberger, 99 Minn. 236, 108 N. W. 1118, 109 N. W. 229; Pierce v. Maetzold, 126 Minn. 445, 449, 148 N. W. 302; First Trust & Savings Bank v. U. S. F. & G. Co., 156 Minn. 231, 194 N. W. 376; First Trust

& Savings Bank v. U. S. F. & G. Co., 163 Minn. 168, 203 N. W. 612.

The state district court of. Traverse county has no jurisdiction of the matter except on appeal. Pierce v. Maetzold, supra, page 449 of 126 Minn., 148 N. W. 302; Oken v. Johnson, 160 Minn. 217, 221, 199 N. W. 910; First Trust & Savings Bank v. U. S. F. & G. Co., 163 Minn. 168, 171, 203 N. W. 612.

"On such an appeal the case is tried de novo in the district court, but nevertheless the district court exercises appellate jurisdiction only. It can make only such a determination of the case as the probate court ought to have made." Turner v. Fryberger, supra, page 240 of 99 Minn., 108 N. W. 1118, 109 N. W. 229; sections 8989, 8990, General Statutes of Minnesota 1923.

The order of the probate court settling the account of an administrator is conclusive upon his surety unless appealed from. First Trust & Savings Bank v. U. S. F. & G. Co., 163 Minn. 168, 171, 203 N. W. 612; Pierce v. Maetzold, supra.

It is not certain that a surety, under such circumstances as are presented here, has a right of appeal from the probate court to the state district court. Section 8984, General Statutes of Minnesota 1923, provides, with reference to persons who may take an appeal:

"In all other cases the appeal can be taken only by a party aggrieved, who appeared and moved for or opposed the order or judgment appealed from, or who, being entitled to be heard thereon, did not appear and take part in the proceedings."

I cannot find that the Supreme Court of Minnesota has ever directly passed upon the question. However, in Pierce v. Maetzold, supra, page 450 of 126 Minn., 148 N. W. 302, 303, the court said:

"We need not decide whether the surety had the right to appeal from the order settling the account of the administrator. See, however, note to In re Switzer, 119 Am. St. Rep. 752, where the cases are collated, and it is said that the decided weight of authority sustains the right of a surety on an official bond to appeal from a judgment against his principal, upon the theory that as the surety, in the absence of fraud or collusion, is bound by a judgment against his principal, he is a party aggrieved. Whether this rule would obtain under a statute like ours (G. S. 1913, § 7491) we do not determine. It can hardly be doubted that the surety here might have proceeded in the probate court either in its own name or that of its principal, to obtain the correction of the order if erroneous, or its setting aside if procured by fraud and collusion."

In view of the fact that the surety is vitally interested in the determination of the amount due from the administrator to the estate and is conclusively bound by the determination of the probate court, it would seem to have the same grievance against an erroneous order as its principal, and, as a practical matter, should have the same right of appeal. For the purpose of this motion, it will be assumed that the surety did have such a right.

The question then arises as to whether this court has jurisdiction of this controversy because of diversity of citizenship.

The petition for removal shows that the surety company is not satisfied with the determination made by the probate court of the amount due from Mr. Lofthus as administrator; that Mr. Lofthus is satisfied with it, having failed to appeal; and that the administrator de bonis non is also satisfied with it, as well as those interested in the estate. It would therefore appear that the surety company is on one side of the controversy, and its principal and all other interested parties on the other side.

"Where diversity of citizenship is the sole ground of jurisdiction, the parties will be aligned in accordance with their real interest in the controversy, and if, upon such alignment, there is no diversity of citizenship, the action will be dismissed." Berg v. Merchant (C. C. A.) 15 F.(2d) 990.

Matters of purely probate character are not within the jurisdiction of the federal courts. Farrell v. O'Brien, 199 U. S. 89, 25 S. Ct. 727, 50 L. Ed. 101; Sutton v. English, 246 U. S. 199, 38 S. Ct. 254, 62 L. Ed. 664; O'Connor v. Slaker (C. C. A.) 22 F.(2d) 147.

It is not easy to determine what is or what is not purely a matter of probate.

In Sutton v. English, supra, page 205 of 248 U. S., 38 S. Ct. 254, 256, the court said:

"By a series of decisions in this court it has been established that since it does not pertain to the general jurisdiction of a court of equity to set aside a will or the probate thereof, or to administer upon the estates of decedents in rem, matters of this character are not within the ordinary equity jurisdiction of the federal courts; that as the authority to make wills is derived from the states, and the requirement of probate is but

a regulation to make a will effective, matters of strict probate are not within the jurisdiction of courts of the United States; that where a state, by statute or custom, gives to parties interested the right to bring an action or suit inter partes, either at law or in equity, to annul a will or to set aside the probate, the courts of the United States, where diversity of citizenship and a sufficient amount in controversy appear, can enforce the same remedy, but that this relates only to independent suits, and not to procedure merely incidental or ancillary to the probate; and, further, that questions relating to the interests of heirs, devisees, or legatees, or trusts affecting such interests, which may be determined without interfering with probate or assuming general administration, are within the jurisdiction of the federal courts where diversity of citizenship exists and the requisite amount is in controversy. Broderick's Will, 21 Wall. 503, 509, 512, 22 L. Ed. 599; Ellis v. Davis, 109 U. S. 485, 494, 3 S. Ct. 327, 27 L. Ed. 1006 et seq.; Farrell v. O'Brien, 199 U. S. 89, 110, 25 S. Ct. 727, 50 L. Ed. 101; Waterman v. Canal-Louisiana Bank Co., 215 U. S. 33, 43, 30 S. Ct. 10, 54 L. Ed. 80."

In Waterman v. Canal-Louisiana Bank Co., 215 U. S. 33, 43, 30 S. Ct. 10, 54 L. Ed. 80, the court held that, in so far as controversies between citizens of different states arise which are within the established equity jurisdiction of the federal court, jurisdiction may be exercised and is not subject to limitation or restraint by state legislation establishing courts of probate and giving them jurisdiction over similar matters; that the federal courts of chancery have the right to exercise original jurisdiction in favor of creditors, legatees, and heirs, to establish their claims and have a proper execution of the trust as to them. After reviewing the cases of Byers v. McAuley, 149 U. S. 608, 13 S. Ct. 906, 37 L. Ed. 867, and Farrell v. O'Brien, 199 U. S. 89, 25 S. Ct. 727, 50 L. Ed. 101, the court said, at page 45 of 215 U. S., 30 S. Ct. 10, 13:

"In view of the cases cited, and the rules thus established, it is evident that the bill in this case goes too far in asking to have an accounting of the estate, such as can only be had in the probate court having jurisdiction of the matter; for it is the result of the cases that, in so far as the probate administration of the estate is concerned in the payment of debts, and the settlement of the accounts by the executor or administrator, the jurisdiction of the probate court may not be interfered with."

The court then pointed out that the complainant asked to have her interest in a certain legacy, claimed to have lapsed, established, and held that that controversy was within the equity jurisdiction of the courts of the United States, and said, at page 46 of 215 U. S., 30 S. Ct. 10, 13:

"The United States circuit court, by granting this relief, need not interfere with the ordinary settlement of the estate, the payment of the debts and special legacies, and the determination of the accounts of funds in the hands of the executor, but it may, and we think has the right to determine, as between the parties before the court, the interest of the complainant in the alleged lapsed legacy and residuary estate, because of the facts presented in the bill. The decree to be granted cannot interfere with the possession of the estate in the hands of the executor, while being administered in the probate court, but it will be binding upon the executor, and may be enforced against it personally."

In speaking of the case of Farrell v. O'Brien, supra, on pages 44 and 45 of 215 U. S., 30 S. Ct. 10, 13, the court said:

"That case recognized what previous cases had held—that, in proceedings purely of a probate character, there was no jurisdiction in the Federal courts. This was in harmony with the rule theretofore laid down in Byers v. McAuley, supra, in which it was held that the Federal court could not exercise original jurisdiction to draw to itself the entire settlement of the estate of the decedent and the accounts of administration, or the power to determine all claims against the estate."

From one standpoint, it would appear that, since the state of Minnesota permits a trial de novo in the state district court, and the question involved in this controversy is as to what amount the administrator and the surety shall be required to account for to the estate, and the proceedings on appeal in the state court would be in the nature of a suit in equity for an accounting, this court would have jurisdiction of it, since there was the requisite diversity of citizenship and amount in controversy. However, a decision by this court of this controversy would directly affect the corpus of the estate—would settle the account between the administrator and the estate, of which the probate court alone has original and exclusive jurisdiction.

It is very doubtful whether the appellate proceeding in the state district court can be said to be an independent suit and not procedure merely incidental or ancillary to the

probate proceedings. However, if we assume that it is an independent suit, we are still confronted by the fact that the Supreme Court has taken the position that in so far as the probate administration of the estate is concerned in the settlement of the accounts by the executor or administrator, the jurisdiction of the probate court may not be interfered with.

 My conclusion is that this court has no jurisdiction to adjust the account of the administrator or to interfere with the order of the probate court appealed from.

The motion to remand is granted.