IN RE TRUST CREATED UNDER WILL OF FREDERIC A. FOGG.[1]

February 1, 1935.

No. 30,162.

[1]Reported in 259 N. W. 6.

*Robb, Rich & Reynolds,* for appellant.
*Ira C. Oehler,* for respondents.

DEVANEY, CHIEF JUSTICE.

One Frederic A. Fogg died testate March 27, 1930. April 21, 1931, the probate court made its decree of final distribution in the matter of his estate. Pursuant to the terms of the will, the probate court in its decree ordered "that there be, and the same hereby is, assigned" to two named trustees all the remainder of the estate (consisting of realty valued at $479,379.50) to be held by the trustees in trust for the purposes and uses stated in the will. About two years later, March 27, 1933, the two trustees duly filed their account in the district court covering the period from the time of this final decree to the date thereof and petitioned the court to examine, audit, adjust, and allow the same. Frederic M. Fogg, a son of decedent, a life tenant, and a beneficiary under the trust, filed objections to the allowance of this account. He did not question the good faith of the trustees or the propriety of the items therein set out, but alleged that the trustees failed to separate *corpus* and income; that certain items properly chargeable to *corpus* were erroneously charged to income; that as a result of this action on the part of the trustees he has not received the income to which he is entitled, namely, the income from the property accruing to the estate during the period of administration.

The district court found against Fogg and allowed the accounts. Fogg appeals from the judgment entered pursuant thereto.

Conceding for purposes herein that Fogg was entitled to the income accruing to the estate during the period of administration (less certain expenses and deductions), we think he is entitled to no relief now. The final decree of the probate court was entered April 21, 1931. By statute, 2 Mason Minn. St. 1927, § 8985(2), Fogg, an aggrieved party, had six months within which to appeal therefrom. This he did not do. Now, two years later, he cannot attack it collaterally. It was the duty of the probate court to sep-

arate income from principal and to make provision for passing the income to others than the trustees if such should have been done under the circumstances of the case. Any separation between income and *corpus* should have been made at the time the trustees took over the property. Fogg had opportunity to object when the decree was made or to appeal therefrom within six months after it was entered. Now it is too late. It is firmly established that a decree of the probate court is not subject to collateral attack. Brotton v. Donovan, 177 Minn. 34, 224 N. W. 270; Pierce v. Maetzold, 126 Minn. 445, 148 N. W. 302.

If the rule were otherwise and Fogg were allowed to prevail in this case, there would be no limit to the time when he could attack the final decree of the probate court. Of necessity, proceedings in the probate court must at some time or other become adjudicated and final. If one can attack a decree two years later, he can do the same three, four, or any number of years later. A decree such as this final decree is one *in rem* and is binding on all the world. Six months is the limit of time within which to appeal therefrom. Thereafter it is final and cannot be questioned. Hence, in this proceeding, a petition to allow the accounts of trustees, a final decree of the probate court entered two years earlier and now *res adjudicata,* cannot be attacked.

Affirmed.